FIRST NAT. BANK OF DETROIT, MINN., v. UNITED STATES. NICHOLS-CHISOLM LUMBER CO. et al. v. SAME. UNITED STATES v. NICHOLS-CHISOLM LUMBER CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1913.)

Nos. 3,869, 3,870, 3,871.

INDIANS (§ 1*)—INDIAN LANDS—ALLOTMENT—CONVEYANCE—"MIXED BLOOD INDIAN."

Every Chippewa Indian who has an identifiable mixture of other than Indian blood, however small, derived from an ancestor or ancestors that had other than Indian blood, is a "mixed blood Indian," and all other Chippewa Indians are full bloods, within Act Cong. June 21, 1906, 34 Stat. 353, removing restrictions as to the sale, incumbrance, or taxation of allotments within the White Earth reservation in Minnesota held by adult mixed blood Indians, etc.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suits by the United States against the First National Bank of Detroit, Minnesota, and against the Nichols-Chisolm Lumber Company and others, to cancel certain Chippewa Indian conveyances. Decree for complainant in two of the cases, and for defendant in the third. Decrees in the first two cases reversed on defendant's appeals, and decree in the third case affirmed on plaintiff's appeals.

R. J. Powell, of Minneapolis, Minn. (George T. Simpson, of St. Paul, Minn., and Ernest C. Carman, of Minneapolis, Minn., on the brief), for appellants in Nos. 3,869, 3,870, and appellees in No. 3,871.

W. A. Norton, of Minneapolis, Minn., and Charles C. Houpt, of St. Paul, Minn. (M. C. Burch, of Washington, D. C., and Gordon Cain, of Minneapolis, Minn., on the brief), for the United States.

Before SANBORN, Circuit Judge, and WILLIAM H. MUNGER and TRIEBER, District Judges.

PER CURIAM. These are suits brought by the United States against immediate and remote grantees of certain adult Chippewa Indian allottees of lands upon the White Earth Indian reservation in Minnesota, to avoid the conveyances of the allottees on the ground that these allottees were not mixed blood Indians but were full blood Indians within the meaning of the Act of Congress of June 21, 1906, c. 3504, 34 Stat. 353, which provides:

"That all restrictions as to sale, incumbrance, or taxation, for allotments within the White Earth reservation in the state of Minnesota, now or hereafter held by adult mixed blood Indians, are hereby removed, and the trust deeds heretofore or hereafter executed by the department for such allotments are hereby declared to pass the title in fee simple, or such mixed bloods upon application shall be entitled to receive a patent in fee simple for such allotments."

The allottee in the case of the First National Bank of Detroit was an adult Chippewa Indian residing upon the White Earth reservation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who had received a trust patent to his allotment and who had white blood in his veins not exceeding $1/32$ of his blood. The allottee in the first Nichols-Chisolm Lumber Company case named above was an adult Chippewa Indian residing upon the White Earth reservation who had received a trust patent to his allotment and who had in his veins white blood derived from some ancestor to the amount of $1/16$ of his blood and no more, and the allottee in the Nichols-Chisolm case secondly named above was an adult Chippewa Indian residing on the White Earth reservation who had received a trust patent to his allotment and who had white blood from some ancestor to the amount of $1/8$ and no more of his blood.

The court below was of the opinion that an adult Chippewa Indian $1/8$ of whose blood was white derived from a white ancestor was a mixed blood Indian, but that a Chippewa Indian less than $1/8$ of whose blood was white derived from a white ancestor was a full blood Indian within the meaning of the act of Congress above cited and other acts relating to the allotments upon this White Earth reservation, and it accordingly rendered decrees for the complainant in the first two cases and for the defendant in the other case.

The majority of this court has reached the conclusion that every Chippewa Indian who has an identifiable mixture of other than Indian blood, however small, derived from an ancestor or ancestors that had other than Indian blood, is a "mixed blood Indian" and all other Chippewa Indians are full blood Indians within the true intent and meaning of the Act of Congress of June 21, 1906, 34 Stat. 353, and the other acts of Congress relating to this matter.

Let the decrees in the first two cases accordingly be reversed, and let the decree in the third case be affirmed.